<u>EXHIBIT A</u>



# Notice of Service of Process

**J9M / ALL**
**Transmittal Number: 22678371**
**Date Processed: 01/29/2021**

| | |
|---|---|
| **Primary Contact:** | Melissa Armstrong<br>Starbucks Corporation Legal Department<br>2401 Utah Ave. S., Suite 800<br>Seattle, WA 98134-1435 |

| | |
|---|---|
| **Electronic copy provided to:** | Regina Boyd |

| | |
|---|---|
| **Entity:** | Starbucks Corporation<br>Entity ID Number  0178010 |
| **Entity Served:** | Starbucks Corporation |
| **Title of Action:** | Crystal Johnson vs. Starbucks Corporation |
| **Matter Name/ID:** | Crystal Johnson vs. Starbucks Corporation (10906393) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Discrimination |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 21STCV02701 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 01/27/2021 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Joseph S. Farzam<br>310-226-6890 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Electronically FILED by Superior Court of California, County of Los Angeles on 01/22/2021 02:18 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

21STCV02701

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY<br/>*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

STARBUCKS CORPORATION, a Washington Corporation; and DOES
1 through 20, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
CRYSTAL JOHNSON, an Individual,

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br/>*(El nombre y dirección de la corte es):* LOS ANGELES SUPERIOR COURT | **CASE NUMBER:**<br/>*(Número del Caso):*<br/>21STCV02701 |

Stanley Mosk Courthouse
111 North Hill Street, Los Angeles, CA 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Joseph S. Farzam, Esq., 11766 Wilshire Blvd., Ste. 280, Los Angeles CA 90025 (310) 226-6890

| | | | |
|---|---|---|---|
| **DATE:** 01/22/2021<br/>*(Fecha)* | Sherri R. Carter Executive Officer / Clerk of Court<br/>Clerk, by<br/>*(Secretario)* | M. Barel | , Deputy<br/>*(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):* Starbucks Corporation, a Washington Corporation

   under: ☒ CCP 416.10 (corporation)     ☐ CCP 416.60 (minor)
        ☐ CCP 416.20 (defunct corporation)     ☐ CCP 416.70 (conservatee)
        ☐ CCP 416.40 (association or partnership)     ☐ CCP 416.90 (authorized person)
        ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

[SEAL]

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br/>Judicial Council of California<br/>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br/>www.courtinfo.ca.gov |

Exhibit A, Page 10

21STCV02701

Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Michael Linfield

Electronically Filed by Superior Court of California, County of Los Angeles on 01/22/2021 02:16 PM Sherri R. Carter, Executive Officer/Clerk of Court, by M. Barel,Deputy Clerk

1  Joseph S. Farzam, Esq. (SBN: 210817)
**JOSEPH FARZAM LAW FIRM**
2  **A Professional Law Corporation**
11766 Wilshire Blvd., Suite 280
3  Los Angeles, California 90025
4  Telephone: (310) 226-6890
Facsimile: (310) 226-6891
5

6  Attorney for Plaintiff,
Crystal Johnson
7

8  **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9  **COUNTY OF LOS ANGELES – CENTRAL DISTRICT – STANLEY MOSK COURTHOUSE**

10

| | |
|---|---|
| CRYSTAL JOHNSON, an Individual, | **CASE NO.: 21STCV02701** |
| Plaintiff, | **COMPLAINT FOR DAMAGES FOR:** |
| | **1. DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| v. | **2. HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| STARBUCKS CORPORATION, a Washington Corporation; and DOES 1 through 20, inclusive, | **3. RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | **4. FAILURE TO PREVENT DISCRIMINATION, HARASSMENT, AND RETALIATION IN VIOLATION OF GOV'T CODE §12940(k);** |
| Defendants | **5. FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | **6. FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.;** |
| | **7. WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY;** |
| | **8. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS;** |
| | **9. FAILURE TO PAY WAGES (CAL. LABOR CODE §§201, 1194);** |
| | **10. FAILURE TO PROVIDE MEAL AND REST PERIODS (CAL. LABOR CODE §§226.7, 512);** |
| | **11. WAITING TIME PENALTIES (CAL.** |

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 11

**LABOR CODE §§201-203); and**
**12. FOR UNFAIR COMPETITION BUSINESS**
**& PROFESSIONS CODE §§17200, ET SEQ**
**[DEMAND OVER $25,000.00]**

**[DEMAND FOR JURY TRIAL]**

COMES NOW Plaintiff Crystal Johnson, an Individual (hereinafter referred to as "Plaintiff" or "Johnson"), by and through his attorneys of record, the Joseph Farzam Law Firm, A Professional Law Corporation, hereby alleges for causes of action against Defendants Starbucks Corporation, a Washington Corporation ("Defendant" or "STARBUCKS") and Does 1 through 20, as follows:

## JURISDICTION

1.   This Court is the proper court, and this action is properly filed in Superior Court of Los Angeles County, Central District – Stanley Mosk Courthouse, because Defendants' obligations and liability arise therein, because Defendants maintain offices and transacts business within the geographical and subject matter of the Superior Court of Los Angeles County, Central District – Stanley Mosk Courthouse, and because the work that is the subject of this action was performed by Plaintiff within geographical and subject matter of the Superior Court of Los Angeles County, Central District – Stanley Mosk Courthouse.

## PARTIES

2.   Plaintiff, Crystal Johnson, an Individual ("Plaintiff" or "Johnson") is, and at all times relevant hereto, was a resident of the City of Los Angeles, County of Los Angeles, State of California.

3.   Plaintiff is informed and believes and upon such basis alleges, that at all times relevant hereto, Defendant Starbuck Corporation, a Washington Corporation ("Defendant" or "STARBUCKS") was and is still doing business at 8400 Lincoln Boulevard, in the City of Los Angeles, County of Los Angeles, State of California.

4.   Plaintiff is informed and believes and upon such basis alleges, that at all times relevant hereto, Defendant owned and operated a chain of Coffee Houses.

\\\\

\\\

\\\
Johnson, Crystal

5. Plaintiff is ignorant of the true identities of the defendants sued herein as DOES 1-20 and therefore sues them by such fictitious names. Plaintiff alleges DOES 1-20 are somehow liable to him for the events and damages alleged herein. If any DOE defendant(s) acted within the course and scope of his/her/its/their employment or authorized agency with Defendant Starbucks Corporation, then STARBUCKS is vicariously liable the acts/omissions of any such DOE defendant(s). Plaintiff will seek leave to amend this complaint to insert the true names and capacities of said Defendants when the same become known to Plaintiff.

6. At all times relevant herein, STARBUCKS and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of Government Code §§ 12926, subdivision (d), 12940, subdivisions (a), (h), (1), (h)(3)(A), and (i), and 12950, and regularly employ five (5) or more person and are therefore subject to the jurisdiction of this Court.

7. At all times relevant herein, STARBUCKS and DOES 1-20 were Plaintiff's employers, joint employers and/or special employers within the meaning of the Labor Code and Industrial Welfare Commission Order No. 5-2001 and are each any "employer or other person acting on behalf of an employer" as such term is used in Labor Code section 558 and/or 558.1, and liable to Plaintiff on that basis.

8. Plaintiff is informed and believes, and based thereupon alleges, that at all times relevant hereto, Defendant, and those defendants named as DOES 1-20, were the agents, employers, managing agents, supervisors, co-conspirators, parent corporation, joint employers, alter egos, successors, and/or joint ventures of the other Defendants, and each of them, and in doing the things alleged herein, were acting at least in part within the course and scope of said agency, employment, conspiracy, joint employer, alter ego status, successor status and/or joint venture and with the permission and consent of each of the other Defendants.

9. Plaintiff is informed and believes, and based thereupon alleges, that Defendant, and those defendants named as DOES 1-20, acted in concert with one another to commit the wrongful acts alleged herein, and aided, abetted, incited, compelled and/or coerced one another in the wrongful acts alleged herein, and/or attempted to do so, including pursuant to Government Code § 12940(i). Plaintiff is further informed and believes, and based thereupon alleges, that Defendant, including those

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 13

1   defendants named as DOES 1-20, and each of them, formed and executed a conspiracy or common plan
2   pursuant to which they would commit the unlawful acts alleged herein, with all such acts alleged herein
3   done as part of and pursuant to said conspiracy, intended to cause and actually causing Plaintiff harm.

4       10.  Whenever and wherever reference is made in this complaint to any act or failure to act by a
5   Defendant, such allegations are references shall also be deemed to mean the acts and/or failures to act
6   by each Defendant acting individually, jointly, and severally.

7       11.  On or about January 22, of 2020, Plaintiff filed complaints of discrimination, harassment,
8   retaliation, failure to prevent discrimination, harassment or retaliation, and wrongful termination under
9   Government Code §§ 12940, et seq., the California STARBUCKS Employment and Housing Act
10  ("FEHA") with the California Department of Fair Employment and Housing ("DFEH") and has
11  satisfied Plaintiff's administrative prerequisites with respect to these and all related filings. A true and
12  correct copy of that complaint is attached hereto as **Exhibit 1** and is fully incorporated herein by this
13  reference as though fully set forth.

14              **ALTER EGO, AGENCY, SUCCESSOR AND JOINT EMPLOYER**

15      12.  Plaintiff is informed and believes, and based thereon alleges, that there exists such a unity of
16  interest and ownership between STARBUCKS and DOES 1-20 that the individuality and separateness
17  of defendants have ceased to exist.

18      13.  Plaintiff is informed and believes, and based thereon alleges, that despite the formation of
19  purported corporate existence, STARBUCKS and DOES 1-20 are, in reality, one and the same as
20  Defendants, including, but not limited to because:

21          a.     STARBUCKS is completely dominated and controlled by one another and DOES 1-20,
22  who personally committed the frauds and violated the laws as set forth in this complaint, and who have
23  hidden and currently hide behind Defendants to perpetrate frauds, circumvent statutes, or accomplish
24  some other wrongful or inequitable purpose.

25          b.     STARBUCKS and DOES 1-20 derive actual and significant monetary benefits by and
26  through one another's unlawful conduct, and by using one another as the funding source for their own
27  personal expenditures.

28  \\\

Johnson, Crystal

4

COMPLAINT FOR DAMAGES

Exhibit A, Page 14

c.      STARBUCKS and DOES 1-20, while really one and the same, were segregated to appear as though separate and distinct for purposes of perpetrating a fraud, circumventing a statute, or accomplishing some other wrongful or inequitable purpose.

d.      STARBUCKS does not comply with all requisite corporate formalities to maintain a legal and separate corporate existence.

e.      The business STARBUCKS and DOES 1-20 are, and at all times relevant were, so mixed and intermingled that the same cannot reasonably be segregated, and the same are in inextricable confusion. STARBUCKS is, and at all times relevant hereto were, used by one another and DOES 1-20 as a mere shell and conduit for the conduct of certain of Defendant STARBUCKS, and are, and were, the alter ego of one another and DOES 1-20. The recognition of the separate existence of Defendants would not promote justice, in that it would permit Defendants to insulate themselves from liability to Plaintiff for violations of the Government Code and other statutory violations. The corporate existence of STARBUCKS and DOES 1-20 should be disregarded in equity and for the ends of justice because such disregard is necessary to avoid fraud and injustice to Plaintiff herein.

14. Accordingly, STARBUCKS constitutes the alter ego of one another and DOES 1-20, and the fiction of their separate corporate existence must be disregarded.

15. As a result of the aforementioned facts, Plaintiff is informed and believes, and based thereon alleges that STARBUCKS and DOES 1-20 are Plaintiff's joint employers by virtue of a joint enterprise, and that Plaintiff was an employee of STARBUCKS and DOES 1-20. Plaintiff performed services for each and every one of Defendants, and to the mutual benefit of all Defendants, and all Defendants shared control of Plaintiff as an employee, either directly or indirectly, and the manner in which Defendants' business was and is conducted.

16. Alternatively, Plaintiff is informed and believes and, based thereupon alleges, that as and between DOES 1-20, STARBUCKS, or any of them, (1) there is an express or implied agreement of assumption pursuant to which STARBUCKS and/or DOES 1-20 agreed to be liable for the debts of the other Defendants, (2) the transaction between STARBUCKS and/or DOES 1-20 and the other Defendants amounts to a consolidation or merger of the two corporations, (3) STARBUCKS and/or DOES 1-20 are a mere continuation of the other Defendants, or (4) the transfer of assets to

Johnson, Crystal

STARBUCKS and/or DOES 1-20 is for the fraudulent purpose of escaping liability for Defendants' debts.

17. Accordingly, STARBUCKS and/or DOES 1-20 are the successors of one or more of the other Defendants and are liable on that basis.

### FACTUAL ALLEGATIONS

18. In or about February 27, 207, STARBUCKS hired Plaintiff to work as a Store Manager in STARBUCKS's location at 8400 Lincoln Boulevard, Los Angeles, California 90045. Plaintiff was a full-time, non-exempt employee, and performed all of Plaintiff's job duties satisfactorily before Plaintiff was wrongfully terminated against public policy on January 22, 2019.

19. Plaintiff's hourly wage rate was $29.37. Plaintiff's fixed schedule was five days per week, approximately 8 to 10 hours per day, approximately 40 to 50 hours a week.

20. Throughout Plaintiff's employment, Plaintiff was not permitted to, and not advised of Plaintiff's right to take statutory 10-minute rest breaks for every four hours worked or substantial portion thereof.

21. Throughout Plaintiff's employment, Plaintiff did not receive uninterrupted statutory 30-minute meal periods for days on which Plaintiff worked at least 5 hours, which was at least three (3) days Plaintiff worked each week.

22. Since the start of her employment, Plaintiff voluntarily performed beyond the scope of her responsibilities required by STARBUCKS. She kept excellent rapport with co-workers, management and customers and often received praise for her good work. In fact, Plaintiff received regular for being such an exemplary employee.

23. Plaintiff was approved by STARBUCKS for a FMLA/CRFA leave to begin on or about November 13, 2018 and set to end on January 12, 2019.

24. Plaintiff medical provider made orders that necessitated Plaintiff to be on FMLA/CRFA until January 22, 2019. Plaintiff notified her immediate supervisor, human resources and STARBUCK's Leave of Absence administration company, Sedgwick (per STARBUCKS's policy) of her inability to report to work when scheduled. Plaintiff also provided her medical provider documentation requiring an extension of a Leave of Absence with a return-to-work date of January 22, 2019.

\\\

Johnson, Crystal

Exhibit A, Page 16

25. When Plaintiff returned to work for her regularly scheduled shift on or about January 22, 2019, she was greeted by a new District Manager who requested her to sign an employment separation agreement, which Plaintiff declined to sign. Upon Plaintiff declining to sign the employment separation agreement, her employment was terminated in violation of the FMLA/CRFA, Cal. Gov't Code §§ 12926, et seq., 12940, et seq., 12945, et seq., and in violation of public policy.

26. Defendants discriminated, harassed, and retaliated against Plaintiff by failing to allow Plaintiff denied legally accrued time off and/or medical leave under FMLA and CFRA, and then terminated Plaintiff against public policy.

27. At all relevant times, Defendants failed to properly engage in a good faith interactive process in an effort to properly accommodate Plaintiff's disability and just summarily and wrongfully terminated Plaintiff's employment, against public policy.

28. STARBUCKS and "Doe" Defendants' conduct described herein was undertaken, authorized and/or ratified by STARBUCKS and "Doe" Defendants' officers, directors and/or managing agents, and those identified as Does 1 through 20, who were authorized and empowered to make decisions that reflect and/or create policy for Defendants. The aforementioned conduct of said managing agents and individuals was therefore undertaken on behalf of Defendants who further had advanced knowledge of the actions and conduct of said individuals whose actions and conduct were ratified, authorized, and approved by managing agents whose precise identities are unknown to Plaintiff at this time and are therefore identified and designated herein as DOES 1 through 20, inclusive.

29. As a result of STARBUCKS and "Doe" Defendants' actions, Plaintiff has suffered and will continue to suffer general and special damages, including severe and profound pain and emotional distress, anxiety, depression, headaches, tension, and other physical ailments, as well as medical expenses, expenses for psychological counseling and treatment, and past and future lost wages and benefits.

30. As a result of the above, Plaintiff is entitled to past and future lost wages, bonuses, commissions, benefits and loss or diminution of earning capacity.

31. Plaintiff claims general damages for emotional and mental distress and aggravation in a sum in excess of the jurisdictional minimum of this Court.

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 17

32.  Because the acts taken toward Plaintiff were carried out by officers, directors and/or managing agents acting in a deliberate, cold, callous, cruel, and intentional manner, in conscious disregard of Plaintiff's rights and in order to injure and damage Plaintiff, Plaintiff requests that punitive damages be levied against STARBUCKS and "Doe" Defendants and each of them, in sums in excess of the jurisdictional minimum of this Court.

## FIRST CAUSE OF ACTION

## DISCRIMINATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### (Against All Defendants)

33.  Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

34.  At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

35.  As such term is used under FEHA, "on the bases enumerated in this part" means or refers to discrimination on the bases of one or more of the protected characteristics under FEHA.

36.  FEHA requires Defendants to refrain from discriminating against an employee on the basis of disability and/or medical condition, real or perceived, and to prevent discrimination and harassment on the basis of disability and/or medical condition, real or perceived, use of medical leave, and engagement in protected activities from occurring.

37.  Plaintiff was a member of multiple protected classes as a result of Plaintiff's disability, medical condition, and/or the perception that Plaintiff was suffering from a disability and/or medical condition.

38.  At all times relevant hereto, Plaintiff was performing competently in the position Plaintiff held with Defendants.

39.  Plaintiff suffered the adverse employment actions of unlawful harassment, retaliation, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and termination, and was harmed thereby.

\\\

\\\

\\\

Johnson, Crystal

Exhibit A, Page 18

40. Plaintiff is informed and believes that Plaintiff's disability and/or medical condition, real and perceived, and/or some combination of these protected characteristics under Government Code §12926(j) were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

41. Said conduct violates the FEHA, and such violations were a proximate cause in Plaintiff's damage as stated below.

42. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

43. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

44. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SECOND CAUSE OF ACTION

## HARASSMENT IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### (Against All Defendants)

45. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

46. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

47. As such term is used under FEHA, "on the bases enumerated in this part" means or refers to harassment on the bases of one or more of the protected characteristics under FEHA.

48. These laws set forth in the preceding paragraph require Defendants to refrain from harassing, or creating, or maintaining a hostile work environment against an employee based upon the employee's engagement in protected activities, as set forth hereinabove.

Johnson, Crystal

Exhibit A, Page 19

49. Defendants' harassing conduct was severe or pervasive, was unwelcome by Plaintiff, and a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

50. Defendants violated the FEHA and the public policy of the State of California which is embodied in the FEHA by creating a hostile work environment and harassing Plaintiff because of Plaintiff's engagement in protected activities, and/or some combination of these protected characteristics, as set forth hereinabove.

51. The above said acts were perpetrated upon Plaintiff by a supervisor, and/or Defendants knew or should have known of the conduct but failed to take immediate and appropriate corrective action.

52. The above said acts of Defendants constitute violations of the FEHA and violations of the public policy of the State of California. Such violations were a proximate cause in Plaintiff's damage as stated below.

53. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

54. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

55. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## THIRD CAUSE OF ACTION

## RETALIATION IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### (Against All Defendants)

56. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

\\\

Johnson, Crystal

57. At all times hereto, the FEHA was in full force and effect and was binding upon Defendants and each of them.

58. These laws set forth in the preceding paragraph require Defendants to refrain from retaliating against an employee for engaging in protected activity.

59. Plaintiff engaged in the protected activities of requesting accommodation and complaining about and protesting Defendants' discriminatory and harassing conduct towards Plaintiff based upon Plaintiff's disability, medical condition, real or perceived, and use of medical leave.

60. Plaintiff suffered the adverse employment actions of unlawful harassment, discrimination, failure to accommodate, failure to investigate, remedy, and/or prevent discrimination, failure to reinstate and/or return to work, and constructive termination, thus was harmed thereby.

61. Plaintiff is informed and believes that Plaintiff's conduct of requesting accommodation complaining about and protesting about Defendants' discriminatory and harassing conduct, and/or some combination of these factors, were motivating reasons and/or factors in the decisions to subject Plaintiff to the aforementioned adverse employment actions.

62. Defendants violated the FEHA by retaliating against Plaintiff and terminating Plaintiff for attempting to exercise Plaintiff's protected rights, as set forth hereinabove.

63. Plaintiff is informed and believes, and based thereon alleges, that the above acts of retaliation committed by Defendants were done with the knowledge, consent, and/or ratification of, or at the direction of, each other Defendant and the other Managers.

64. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

65. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

\\\

\\\

\\\

\\\

\\\

Johnson, Crystal

66. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

67. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## FOURTH CAUSE OF ACTION

## FAILURE TO PREVENT HARASSMENT AND RETALIATION FROM OCCURRING

### [Violation of Gov. Code § 12940(k)]

### (Against All Defendants)

68. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

69. At all times hereto, the FEHA, including in particular Government Code § 12940(k), was in full force and effect and was binding upon Defendant. The subsection imposes a duty on Defendant to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring. As alleged above, Defendant violated this subsection and breached their duty by failing to take all reasonable steps necessary to prevent discrimination, harassment, and retaliation from occurring.

70. The above said acts of Defendant constitute violations of the FEHA and were a proximate cause in Plaintiff's damages as stated below.

71. Defendant failed to take reasonable steps to prevent the harassment, discrimination, and retaliation.

72. The damages allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

73. Defendants STARBUCKS and DOES 1-20s' conduct was a substantial factor in causing Plaintiff's injuries.

\\\

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 22

74. The foregoing conduct of Defendant STARBUCKS individually, or by and through their officers, directors and/or managing agents, was intended by the Defendant to cause injury to the Plaintiff or was despicable conduct carried on by the Defendant with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code § 3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendant.

75. Pursuant to Government Code § 12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

### FIFTH CAUSE OF ACTION

### FAILURE TO PROVIDE REASONABLE ACCOMMODATIONS

### IN VIOLATION OF GOV'T CODE§§12940 ET SEQ.

### (Against All Defendants)

76. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

77. At all times hereto, the FEHA, including in particular Government Code §12940(m), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to make reasonable accommodation for the known physical disability and/or medical condition of an employee.

78. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a disability, a physical condition that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

79. At all times herein, Plaintiff was willing and able to perform the duties and functions of the position in which Plaintiff was employed or could have performed the duties and functions of that position with reasonable accommodations. At no time would the performance of the functions of the employment position, with a reasonable accommodation for Plaintiff's disability or medical condition, actual or as it was perceived by Defendants, have been a danger to Plaintiff's or any other

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 23

person's health or safety. Accommodation of Plaintiff's disability or disability or medical condition, real or perceived by Defendants, would not have imposed an undue hardship on Defendants. Defendants failed and refused to accommodate Plaintiff's disability, failed to engage in the interactive process with Plaintiff and continue to violate this obligation, up to and including the date of Plaintiff's termination.

80. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

81. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

82. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

83. Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys' fees and costs, including expert fees pursuant to the FEHA.

## SIXTH CAUSE OF ACTION

### FAILURE TO ENGAGE IN A GOOD FAITH INTERACTIVE PROCESS

### IN VIOLATION OF GOV'T CODE §§12940 ET SEQ.

### AGAINST ALL DEFENDANTS

88. Plaintiff re-alleges and incorporates by reference Paragraphs 1 through 36, inclusive, as though set forth in full herein.

\\\
\\\
\\\
\\\

Johnson, Crystal

89. At all times hereto, the FEHA, including in particular Government Code §12940(n), was in full force and effect and was binding upon Defendants. This subsection imposes an ongoing duty on Defendants to engage in a timely, good faith, interactive process with the employee to determine effective reasonable accommodations, if any, in response to a request for reasonable accommodation by an employee with a known physical disability or known medical condition and/or becoming aware of the employee's need for accommodation.

90. At all relevant times, Plaintiff was a member of a protected class within the meaning of, in particular, Government Code §§12940(a) & 12986(1) et seq. because Plaintiff had a physical disability that affected Plaintiff's major life activities, and medical condition of which Defendants had both actual and constructive knowledge.

91. Plaintiff reported the disability to Defendants and requested accommodation, triggering Defendants' obligation to engage in the interactive process with Plaintiff, but at all times herein, Defendants failed and refused to do so. Thereafter, despite Defendants continuing obligation to engage in the interactive process with Plaintiff, despite Plaintiff's submission of a doctors' notes identifying Plaintiff's condition and Plaintiff's desire to continue working in some capacity, Defendants failed and refused to have any dialogue with Plaintiff whatsoever, on any of these occasions, and Defendants violated, and continued to violate this obligation up to and including the date of Plaintiff's termination.

92. The above said acts of Defendants constitute violations of the FEHA and were a proximate cause in Plaintiff's damage as stated below.

93. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

94. The foregoing conduct of Defendants individually, and/or by and through their officers, directors, and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby

Johnson, Crystal

Exhibit A, Page 25

1   entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of
2   Defendants.

3       95.  Pursuant to Government Code §12965(b), Plaintiff requests a reasonable award of attorneys'
4   fees and costs, including expert fees pursuant to the FEHA.

5   ### SEVENTH CAUSE OF ACTION

6   ### WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

7   #### (Against All Defendants)

8       84.  Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set
9   forth in full herein.

10      85.  At all relevant times mentioned in this complaint, the FEHA was in full force and effect and
11  was binding on Defendants.   This law requires Defendants to refrain, among other things, from
12  discriminating against any employee on the basis of disability, medical condition, real or perceived, and
13  use of medical leave, and from retaliating against any employee who engages in protected activity.

14      86.  At all times mentioned in this complaint, it was a fundamental policy of the State of California
15  that Defendants cannot discriminate and/or retaliate against any employee on the basis of disability,
16  medical condition, real or perceived, use of medical leave and/or engagement in protected activity.

17      87.  Plaintiff believes and thereon alleges that Plaintiff's disability and/or medical condition, real or
18  perceived, use of medical leave, engagement in protected activity with respect to these protected
19  classes, and/or some combination thereof, were factors in Defendants' conduct as alleged hereinabove.

20      88.  Such discrimination and retaliation, resulting in the wrongful termination of Plaintiff's
21  employment on the basis of disability, medical condition, real or perceived, or use of medical leave,
22  Plaintiff's complaining of harassment and discrimination due to these protected classes, Plaintiff's
23  engagement in protected activity, and/or some combination of these factors, were a proximate cause in
24  Plaintiff's damages as stated below.

25      89.  The above said acts of Defendants constitute violations of the Government Code and the public
26  policy of the State of California embodied therein as set forth above.  Defendants violated these laws by
27  discriminating and retaliating against Plaintiff and terminating Plaintiff's employment in retaliation for
28  exercise of protected rights.

Johnson, Crystal

Exhibit A, Page 26

90. At all times mentioned in this complaint, it was a fundamental policy of the State of California that Defendants cannot discriminate and/or retaliate against any employee in violation of FEHA.

91. Plaintiff is informed and believes, and based thereupon alleges, that Plaintiff's status as a protected member of the class under FEHA was a proximate cause in Plaintiff's damages as stated below.

92. The damage allegations of Paragraphs 29 through 32, inclusive, are herein incorporated by reference.

93. The foregoing conduct of Defendants individually, or by and through their officers, directors and/or managing agents, was intended by the Defendants to cause injury to the Plaintiff or was despicable conduct carried on by the Defendants with a willful and conscious disregard of the rights of Plaintiff or subjected Plaintiff to cruel and unjust hardship in conscious disregard of Plaintiff's rights such as to constitute malice, oppression, or fraud under Civil Code §3294, thereby entitling Plaintiff to punitive damages in an amount appropriate to punish or make an example of Defendants.

## EIGHTH CAUSE ACTION

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

### (Against All Defendants)

94. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

95. Defendants' conduct as alleged herein was made with a willful and wanton disregard for Plaintiff's rights and well-being and intended to cause Plaintiff emotional distress; or acted with reckless disregard of the probability that she would suffer emotional distress.

96. Plaintiff suffered severe emotional distress.

97. Defendants intended to cause Plaintiff emotional distress or acted with reckless disregard of the probability that she would suffer emotional distress.

98. Defendants' conduct was a substantial factor in causing Plaintiff severe emotional distress.

99. Defendant STARBUCKS and DOES 1-20s' conduct was deliberately and knowingly done with malice, oppression, fraud and a willful and wanton disregard as to Plaintiff's rights and well-being that punitive damages against them are warranted.

Johnson, Crystal

17

Exhibit A, Page 27

## NINTH CAUSE OF ACTION

## FAILURE TO PAY WAGES DUE

## LABOR CODE §§201, 1182.12, 1194, 1194.2

### (Against All Defendants)

96. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

97. alleged herein, Plaintiff was not exempt from the requirements of Labor Code §510, 8 Code of Regulations §11140, and Industrial Welfare Commission Order No. 14-2001.

98. Plaintiff has been deprived of Plaintiff's rightfully earned compensation as a direct and proximate result of Defendants' failure and refusal to pay said compensation. Plaintiff is entitled to recover such amounts, plus interest thereon, attorneys' fees and costs.

99. Labor Code §558(a) provides that any person acting on behalf of an employer who violates, or causes to be violated, overtime rules pay a civil penalty in the amount of $50 for each underpaid employee for each pay period in which the employee was underpaid in addition to an amount sufficient to recover underpaid wages. Also, Labor Code §558(a) for each subsequent violation, the person acting on behalf of an employer is liable in the amount of $100 for each underpaid employee for each pay period for which the employee was underpaid in addition to an amount sufficient to recover the underpaid wages.

## TENTH CAUSE OF ACTION

## FAILURE TO PROVIDE MEAL AND REST BREAKS

## LABOR CODE §§226.7, 512

### (Against All Defendants)

100. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

101. Labor Code §512 requires employers to provide every employee with an uninterrupted meal period of not less than 30 consecutive minutes, for every period of work exceeding five hours.

102. Labor Code §226.7 requires an employer to provide every employee with an uninterrupted rest period of not less than 10 minutes, for every period worked in excess of four hours.

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 28

103. In the four years last past, Plaintiff regularly worked in excess of five hours per day and was thereby entitled to take uninterrupted 30-minute meal periods and 10-minute rest periods on each day of work.

104. Defendants failed and refused to provide Plaintiff with meal and rest periods, and failed to compensate Plaintiff for missed meal and rest periods, as required by Labor Code §§226.7 and the applicable sections of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001, as follows:

105. As alleged herein, Plaintiff is not exempt from the meal and rest break requirements of 8 Code of Regulations §11040 and Industrial Welfare Commission Order No. 4-2001. Consequently, Plaintiff is owed one hour of pay at Plaintiff's then regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such meal periods and is owed one hour of pay at Plaintiff's regular hourly rate, or the requisite minimum wage, whichever is greater, for each day that Plaintiff was denied such rest periods.

106. Plaintiff has been deprived of Plaintiff's rightfully earned compensation for meal and rest breaks as a direct and proximate result of Defendants' failure and refusal to pay said compensation.

107. Thus, for the entirety of the time periods set forth above, Plaintiff is entitled to recover such amounts pursuant to Labor Code §226.7(b), plus interest thereon and costs of suit.

## ELEVENTH CAUSE OF ACTION

## WAITING TIME PENALTIES LABOR CODE §§201-203

### (Against All Defendants)

108. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

109. At all relevant times, Defendants failed to pay all of the Plaintiff's accrued wages and other compensation due immediately upon termination or within 72 hours of resignation, as required. These wages refer to, at a minimum, unpaid minimum wages, overtime compensation, and meal and rest period compensation that Defendants should have paid but, did not pay to Plaintiff during the term of Plaintiff's employment and which were, at the latest, due within the time restraints of Labor Code §§201-203.

Johnson, Crystal

COMPLAINT FOR DAMAGES

110. As alleged herein, Plaintiff is not exempt from the requirements of Labor Code §§201-203.

111. As a direct and proximate result of Defendants' willful failure to pay these wages, Plaintiff is entitled to payment of Plaintiff's overtime, meal and rest periods as previously pleaded herein, and wait time penalties, calculated based on 30 days of regular weekly wages including overtime.

112. Based on Defendants' conduct as alleged herein, Defendants are liable for statutory penalties pursuant to Labor Code §203 and other applicable provisions, as well as attorneys' fees and costs.

## TWELFTH CAUSE ACTION

## UNFAIR COMPETITION

## BUSINESS & PROFESSIONS CODE §§17200, ET SEQ.

### (Against All Defendants)

100. Plaintiff re-alleges and incorporates by reference each of the foregoing paragraphs as though set forth in full herein.

101. Defendants' violations of 8 Code of Regulations §11040, Industrial Welfare Commission Order No. 4-2001, Labor Code 226.7, 512 and other applicable provisions, as alleged herein, including Defendants' failure to provide meal and rest breaks, constitute unfair business practices in violation of Business & Professions Code §§17200, et seq.

102. As a result of Defendants' unfair business practices, Defendants have reaped unfair benefits and illegal profits at the expense of Plaintiff and members of the public. Defendants should be made to disgorge their ill-gotten gains and restore such monies to Plaintiff.

103. Defendants' unfair business practices entitle Plaintiff to seek preliminary and permanent injunctive relief, including but not limited to orders that the Defendants account for, disgorge, and restore to the Plaintiff the monies and benefits unlawfully withheld from Plaintiff.

\\\
\\\
\\\
\\\
\\\

Johnson, Crystal

COMPLAINT FOR DAMAGES

Exhibit A, Page 30

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff seeks judgment against Defendants and each of them, in an amount according to proof:

1. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

2. For a money judgment representing compensatory damages including lost wages, earnings, commissions, retirement benefits, and other employee benefits, and all other sums of money, together with interest on these amounts; for other special damages; and for general damages for mental pain and anguish and emotional distress and loss of earning capacity;

3. For prejudgment interest on each of the foregoing at the legal rate from the date the obligation became due through the date of judgment in this matter;

**WHEREFORE**, Plaintiff further seeks judgment against Defendants, and each of them, in an amount according to proof, as follows:

4. For general damages according to proof;

5. Compensatory damages according to proof;

6. For punitive damages, pursuant to Civil Code §§3294 in amounts sufficient to punish Defendants for the wrongful conduct alleged herein and to deter such conduct in the future;

7. For costs of suit, attorneys' fees, and expert witness fees pursuant to the FEHA, Labor Code and/or any other basis;

8. For post-judgment interest; and

9. For any other relief that is just and proper.

DATED: January 21, 2020            **JOSEPH FARZAM LAW FARM**

By: _____
Joseph S. Farzam, Esq.
Attorney for Plaintiff
Crystal Johnson

Johnson, Crystal

21

COMPLAINT FOR DAMAGES

Exhibit A, Page 31

## **JURY TRIAL DEMANDED**

Plaintiff demands trial of all issues by jury.

DATED: January 22, 2021             **JOSEPH FARZAM LAW FIRM**

By: _____

                      Joseph S. Farzam, Esq.
                      Stephen J. Duron. Esq.
                      Attorney for Plaintiff
                      Crystal Johnson

Johnson, Crystal

22

21STCV02701

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>— Joseph S. Farzam (SBN: 210817)<br>JOSEPH FARZAM LAW FIRM, APLC<br>11766 Wilshire Blvd., Ste. 280<br>Los Angeles, CA 90025<br>TELEPHONE NO: (310) 226-6890   FAX NO: (310) 226-6891<br>ATTORNEY FOR *(Name):* Plaintiffs, Crystal Johnson | **FOR COURT USE ONLY** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
Crystal Johnson v. Starbucks Corporation, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER:<br>21STCV02701 |
|---|---|---|---|---|
| ✔ Unlimited<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ Limited<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ Counter  ☐ Joinder<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | JUDGE:<br><br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)
**Employment**
✔ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)
**Real Property**
☐ Eminent domain/inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)
**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)
**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
☐ Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is  ✔ is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✔ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ✔ punitive
4. Number of causes of action *(specify):* Twelve (12)
5. This case ☐ is  ✔ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: January 22, 2020
Joseph S. Farzam, Esq.
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit A, Page 33

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you must complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check one box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the primary cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) (*if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto*)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
Asbestos (04)
Asbestos Property Damage
Asbestos Personal Injury/Wrongful Death
Product Liability (*not asbestos or toxic/environmental*) (24)
Medical Malpractice (45)
Medical Malpractice–Physicians & Surgeons
Other Professional Health Care Malpractice
Other PI/PD/WD (23)
Premises Liability (e.g., slip and fall)
Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
Intentional Infliction of Emotional Distress
Negligent Infliction of Emotional Distress
Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) (*not civil harassment*) (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
Legal Malpractice
Other Professional Malpractice (*not medical or legal*)
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
Breach of Rental/Lease Contract (*not unlawful detainer or wrongful eviction*)
Contract/Warranty Breach–Seller Plaintiff (*not fraud or negligence*)
Negligent Breach of Contract/Warranty
Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
Collection Case–Seller Plaintiff
Other Promissory Note/Collections Case
Insurance Coverage (*not provisionally complex*) (18)
Auto Subrogation
Other Coverage
Other Contract (37)
Contractual Fraud
Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
Writ of Possession of Real Property
Mortgage Foreclosure
Quiet Title
Other Real Property (*not eminent domain, landlord/tenant, or foreclosure*)

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) (*if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential*)

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
Writ–Administrative Mandamus
Writ–Mandamus on Limited Court Case Matter
Writ–Other Limited Court Case Review
Other Judicial Review (39)
Review of Health Officer Order
Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims (*arising from provisionally complex case type listed above*) (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
Abstract of Judgment (Out of County)
Confession of Judgment (*non-domestic relations*)
Sister State Judgment
Administrative Agency Award (*not unpaid taxes*)
Petition/Certification of Entry of Judgment on Unpaid Taxes
Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint (*not specified above*) (42)
Declaratory Relief Only
Injunctive Relief Only (*non-harassment*)
Mechanics Lien
Other Commercial Complaint Case (*non-tort/non-complex*)
Other Civil Complaint (*non-tort/non-complex*)

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition (*not specified above*) (43)
Civil Harassment
Workplace Violence
Elder/Dependent Adult Abuse
Election Contest
Petition for Name Change
Petition for Relief From Late Claim
Other Civil Petition

CM-010 [Rev. July 1, 2007]            **CIVIL CASE COVER SHEET**            Page 2 of 2

Exhibit A, Page 34

| SHORT TITLE: Crystal Johnson v. Starbucks Corporation, et al. | CASE NUMBER |
|---|---|

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court.**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

### Applicable Reasons for Choosing Court Filing Location (Column C)

1. Class actions must be filed in the Stanley Mosk Courthouse, Central District.
2. Permissive filing in central district.
3. Location where cause of action arose.
4. Mandatory personal injury filing in North District.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.

7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.
11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection, or personal injury).

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1, 4, 11 |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1, 4, 11 |
| **Other Personal Injury/ Property Damage/ Wrongful Death Tort** | Asbestos (04) | ☐ A6070 Asbestos Property Damage<br>☐ A7221 Asbestos - Personal Injury/Wrongful Death | 1, 11<br>1, 11 |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1, 4, 11 |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons<br>☐ A7240 Other Professional Health Care Malpractice | 1, 4, 11<br>1, 4, 11 |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall)<br>☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.)<br>☐ A7270 Intentional Infliction of Emotional Distress<br>☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1, 4, 11<br>1, 4, 11<br>1, 4, 11<br>1, 4, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Exhibit A, Page 35

| SHORT TITLE: Crystal Johnson v. Starbucks Corporation, et al. | | CASE NUMBER | |
|---|---|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons – See Step 3<br>Above |
|---|---|---|---|
| **Non-Personal Injury/ Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1, 2, 3<br>1, 2, 3 |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☑ A6037  Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1, 2, 3<br>10 |
| **Contract** | Breach of Contract/ Warranty<br>(06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2, 5<br>2, 5<br>1, 2, 5<br>1, 2, 5 |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case<br>☐ A6034  Collections Case-Purchased Debt (Charged Off Consumer Debt Purchased on or after January 1, 2014) | 5, 6, 11<br>5, 11<br>5, 6, 11 |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1, 2, 5, 8 |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1, 2, 3, 5<br>1, 2, 3, 5<br>1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation      Number of parcels_____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6<br>2, 6<br>2, 6 |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2, 6, 11 |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2, 6, 11 |

| SHORT TITLE: Crystal Johnson v. Starbucks Corporation, et al. | CASE NUMBER |
|---|---|

| | **A**<br>Civil Case Cover Sheet<br>Category No. | **B**<br>Type of Action<br>(Check only one) | **C** Applicable<br>Reasons - See Step 3<br>Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ A6151  Writ - Administrative Mandamus | 2, 8 |
| | | ☐ A6152  Writ - Mandamus on Limited Court Case Matter | 2 |
| | | ☐ A6153  Writ - Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ A6150  Other Writ /Judicial Review | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1, 2, 8 |
| | Construction Defect (10) | ☐ A6007  Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims<br>from Complex Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement<br>of Judgment (20) | ☐ A6141  Sister State Judgment | 2, 5, 11 |
| | | ☐ A6160  Abstract of Judgment | 2, 6 |
| | | ☐ A6107  Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ A6140  Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax | 2, 8 |
| | | ☐ A6112  Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints<br>(Not Specified Above) (42) | ☐ A6030  Declaratory Relief Only | 1, 2, 8 |
| | | ☐ A6040  Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ A6011  Other Commercial Complaint Case (non-tort/non-complex) | 1, 2, 8 |
| | | ☐ A6000  Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance (21) | ☐ A6113  Partnership and Corporate Governance Case | 2, 8 |
| | Other Petitions (Not<br>Specified Above) (43) | ☐ A6121  Civil Harassment With Damages | 2, 3, 9 |
| | | ☐ A6123  Workplace Harassment With Damages | 2, 3, 9 |
| | | ☐ A6124  Elder/Dependent Adult Abuse Case With Damages | 2, 3, 9 |
| | | ☐ A6190  Election Contest | 2 |
| | | ☐ A6110  Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ A6170  Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ A6100  Other Civil Petition | 2, 9 |

LASC CIV 109 Rev. 12/18
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 3 of 4

Exhibit A, Page 37

| SHORT TITLE: Crystal Johnson v. Starbucks Corporation, et al. | CASE NUMBER |
|---|---|

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address which is the basis for the filing location, including zip code. (No address required for class action cases).

| REASON:<br><br>□ 1. ☑ 2. □ 3. □ 4. □ 5. □ 6. □ 7. □ 8. □ 9. □ 10. □ 11. | ADDRESS:<br><br>8400 Lincoln Boulevard |
|---|---|

| CITY: | STATE: | ZIP CODE: | |
|---|---|---|---|
| Los Angeles | CA | 90045 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Central___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., §392 et seq., and Local Rule 2.3(a)(1)(E)].

Dated: __January 22, 2020__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 02/16).

5. Payment in full of the filing fee, unless there is court order for waiver, partial or scheduled payments.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 12/16
For Mandatory Use

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.3
Page 4 of 4
Exhibit A, Page 38